UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD A. JORDAN, | ) | NO. CV 09-6874-ODW(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| GEORGE A. NEOTTI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on September 21, 2009, accompanied by an attached Memorandum of Points and Authorities ("Pet. Mem."). Respondent filed an Answer on March 18, 2010, contending that the Petition is untimely. Petitioner filed a Traverse on May 14, 2010, accompanied by an attached Memorandum ("Traverse Mem.") and exhibits.

**BACKGROUND**

In <u>People v. Jordan</u>, BA281783, the Los Angeles Superior Court

1 found Petitioner guilty of four counts of committing a lewd act on a
2 child who was 14 or 15 years old while Petitioner was at least 10
3 years older, in violation of California Penal Code section 288(c)(1),
4 and one count of inducing a child under the age of 16 to engage in a
5 lewd act, in violation of California Penal Code section 266j (Pet.
6 Mem., pp. 3-4; Respondent's Lodgment 2). The court found true the
7 allegations that Petitioner had suffered a prior conviction qualifying
8 as a "strike" under California's Three Strikes law, California Penal
9 Code sections 667(b) - (i) and 1170.12(a) - (d) (Pet. Mem., pp. 3-4).[1]
10 Petitioner received a total sentence of sixteen years (Respondent's
11 Lodgment 2).

13 The Court of Appeal affirmed the judgment (Respondent's
14 Lodgment 6; see People v. Mitchell, 2007 WL 2774461 (Cal. App.
15 Sept. 25, 2007)). On December 12, 2007, the California Supreme Court
16 denied Petitioner's petition for review (Respondent's Lodgment 8).

18 On March 21, 2008, Petitioner filed a habeas corpus petition in
19 this Court. See Jordan v. Hernandez, CV 08-1939-SGL(E) ("the prior
20 action"). On June 3, 2008, Respondent filed an Answer contending that
21 the Petition was partially unexhausted. On August 19, 2008,
22 Petitioner filed a motion for voluntary dismissal of the prior action.

---

[1] The Three Strikes Law consists of two nearly identical statutory schemes. The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code §§ 667(b) - (i) (eff. March 7, 1994). The later provision, an initiative statute, is embodied in California Penal Code § 1170.12 (eff. Nov. 9, 1994). See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996).

1 | On September 24, 2008, the Court entered judgment dismissing the prior
2 | action without prejudice.

4 | On October 6, 2008, Petitioner filed a habeas corpus petition in the California Court of Appeal, challenging his conviction in Los Angeles Superior Court case number BA281783 (Traverse, Ex. B). On November 20, 2008, the Court of Appeal denied the petition on the merits (id.).[2]

10 | On January 16, 2009, Petitioner filed a petition for habeas corpus in the California Supreme Court, bearing a service date of January 15, 2009 (Respondent's Lodgment 9). On June 24, 2009, the California Supreme Court denied this habeas petition with a citation to In re Waltreus, 62 Cal. 2d 218, 42 Cal. Rptr. 9, 397 P.2d 1001, cert. denied, 382 U.S. 853 (1965) (Respondent's Lodgment 10).[3]

///
///

**DISCUSSION**

---

[2] This Court of Appeal petition is not contained in the present record, although Petitioner attached to his Traverse a copy of the Court of Appeal's order denying the petition. Petitioner does not mention this petition in the Petition, and Respondent does not allude to it in the Answer. However, this Court's review of the California courts' website at www.courtinfo.ca.gov confirms the allegations of the Traverse that Petitioner filed this petition in the Court of Appeal on October 6, 2008, and that the Court of Appeal denied the petition on November 20, 2008. A copy of the relevant printout from this website is attached as an appendix hereto.

[3] The citation to In re Waltreus signified that the California Supreme Court denied the petition on the ground that the court would not consider on habeas corpus issues previously resolved on appeal. See In re Clark, 5 Cal. 4th 750, 765, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993).

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

```
           (2) The time during which a properly filed application for
           State post-conviction or other collateral review with
           respect to the pertinent judgment or claim is pending shall
           not be counted toward any period of limitation under this
           subsection.
```

Petitioner concedes that his conviction became final on March 11, 2008, upon the expiration of ninety days from the California Supreme Court's December 12, 2007 denial of Petitioner's petition for review (Traverse Mem., p. 2).[4]  See Jimenez v. Quarterman, 129 S. Ct. 681, 686 (2009) ("direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, [citation], and to this Court, [citation] has been exhausted"); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court).[5]

Accordingly, the statute of limitations commenced running on March 12, 2008.  Absent tolling, the Petition is untimely.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied,

---

[4]   2008 was a leap year.

[5]   In light of Petitioner's concession and the Court resolution of the limitations issue, the Court need not, and does not, determine whether any of the delayed accrual rules set forth in 28 U.S.C. section 2241(d)(1) might apply to any claim raised in the Petition.

1  534 U.S. 978 (2001).[6]

Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." Respondent contends that any statutory tolling did not commence until January 15, 2009, when Petitioner constructively filed his California Supreme Court habeas petition.[7] However, Respondent apparently has overlooked Petitioner's California Court of Appeal petition. Statutory tolling actually began on October 6, 2008, when Petitioner filed his California Court of Appeal petition.[8] Petitioner is not entitled to statutory tolling between

---

[6] The Court would deem the present Petition filed when presented to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002). Presumably, Petitioner presented the Petition to prison authorities no earlier than September 10, 2009, the date Petitioner reportedly signed the Petition.

[7] See Stillman v. LaMarque, 319 F.3d 1199, 1201-02 (9th Cir. 2003) (applying prison mailbox rule to determine date of filing of state habeas petition).

[8] The Court of Appeal's order denying the petition, which is attached to the Traverse, indicates that Petitioner filed the petition on October 6, 2008. The record does not show that Petitioner is entitled to the benefit of any earlier constructive filing date under the prisoner mailbox rule. See Stillman v. LaMarque, 319 F.3d at 1201-02. Petitioner attaches to the Traverse a letter from the Court of Appeal to Petitioner, dated September 24, 2008, purporting to return the petition to Petitioner unfiled because Petitioner did not sign the petition (see Traverse, Ex. A). Petitioner is not entitled to statutory tolling prior to the date the petition was filed in the Court of Appeal on October 6, 2008, because the earlier unsigned petition rejected for filing was not "properly filed" within the meaning of section 2244(d)(2). See Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009) (California Supreme Court petition rejected for filing for want of verification not "properly filed"); Cal. Penal Code § 1474 (habeas petition must be signed by the party for whose relief it is intended, or by some person on the

(continued...)

1 the date his conviction became final and the date he filed his Court
2 of Appeal habeas petition. See Thorson v. Palmer, 479 F.3d 643, 646
3 (9th Cir. 2007); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),
4 cert. denied, 529 U.S. 1104 (2000). Hence, the limitations period ran
5 continuously from March 12, 2008 (the date Petitioner's conviction
6 became final) until October 6, 2008 (the date Petitioner filed his
7 Court of Appeal petition), for a total of 208 days.

9 Petitioner's next state habeas petition was his California
10 Supreme Court petition, constructively filed on January 15, 2009. The
11 California Supreme Court denied that petition summarily. The question
12 becomes whether Petitioner is entitled to statutory tolling for the
13 entire period between the date he constructively filed his Court of
14 Appeal petition and the date the California Supreme Court denied
15 Petitioner's petition filed in that court.

17 In certain circumstances, a habeas petitioner may be entitled to
18 "gap tolling" between the date a state habeas petition is denied and
19 the date the petitioner "properly filed" a habeas petition in a higher
20 state court. See Carey v. Saffold, 536 U.S. 214, 219-21 (2002).
21 However, an untimely state habeas petition is not a "properly filed"
22 petition for purposes of statutory tolling under section 2244(d)(2).
23 Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005); see also Allen v.
24 Siebert, 552 U.S. 3, 6-7 (2007); Carey v. Saffold, 536 U.S. at 225
25 (California state habeas petition filed after unreasonable delay not
26 "pending" for purposes of section 2244(d)(2)); see also Evans v.

---

[8](...continued)
petitioner's behalf).

7

Chavis, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (citation omitted).

Here, the California Supreme Court denied Petitioner's petition on the ground that the petition raised claims previously raised on appeal.[9] The California Supreme Court did not indicate that it made any determination regarding the petition's timeliness. Where, as here, a state court denies a habeas petition without a "clear indication" that the petition was timely or untimely, a federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. at 198.

In California, a petition is timely if filed within a "reasonable time" after the petitioner learns of the grounds for relief. Carey v. Saffold, 536 U.S. at 235 (citations omitted). In Evans v. Chavis, the petitioner delayed over three years before filing his California Supreme Court habeas petition. Evans v. Chavis, 546 U.S. at 192. The Supreme Court indicated that, even assuming the truth of the petitioner's explanations for the delay, there remained an unexplained, unjustified delay of at least six months. Id. The Supreme Court deemed the petition untimely, finding "no authority suggesting, . . . [or] any convincing reason to believe, that

---

[9] See fn. 3, ante.

California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" Id. The Court observed that, in Carey v. Saffold, supra, the Court had held that timely filings in California fell within the statutory tolling provision on the assumption that California law did not differ significantly from the laws of other states, and hence that application of California's "reasonable time" standard would not lead to filing delays substantially longer than those in states with determinate timeliness rules. Evans v. Chavis, 546 U.S. at 199-200 (citation and italics omitted). The Court indicated, inter alia, that six months was far longer than the short periods of 30 to 60 days that most states provide for filing an appeal to the state supreme court. Id. at 201.

In Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010), the Ninth Circuit stated that unjustified gaps of 115 and 101 days were "substantially longer than the '30 to 60' days that 'most States' allow for filing petitions." Accordingly, the Chaffer Court held that the petitioner was not entitled to gap tolling during those 115-day and 101-day periods.

In the present case, only 56 days elapsed between the Court of Appeal's denial on November 20, 2008 and Petitioner's constructive filing of his California Supreme Court petition on January 15, 2009. This delay is plainly within the "30 to 60" days of delay suggested to be reasonable by both the Supreme Court and the Ninth Circuit. Therefore, Petitioner is entitled to statutory tolling for the entire period between October 6, 2008, when he filed his Court of Appeal petition, through June 24, 2009, when the California Supreme Court

denied his next petition.

As of June 24, 2009, 208 days of the limitations period had elapsed, and 148 days of the period remained. Petitioner constructively filed the present Petition 78 days later, on September 10, 2009, well within the limitations period. Consequently, the Petition is timely.

Within thirty (30) days of the date of this Order, Respondent shall file a Supplemental Answer addressing the merits of the claims raised in the Petition. Petitioner may file a Supplemental Reply within fifteen (15) days of the date the Supplemental Answer is filed.

IT IS SO ORDERED.

DATED: <u>May 26</u>, 2010.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 21st day of
May, 2010, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE